

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2006

# In Re: Vivian Clarke

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Vivian Clarke " (2006). *2006 Decisions.* Paper 604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3014
_____

IN RE: VIVIAN R. CLARKE,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. No. 05-cv-00647)
_____

Submitted Under Rule 21, Fed. R. App. P.
July 14, 2006
Before:  CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES
Filed: August 8, 2006
_____

OPINION
_____

PER CURIAM

Pro se petitioner Vivian R. Clarke filed a petition for writ of mandamus.

Clarke seeks review of the order entered by the United States District Court for the

District of Delaware denying his motion to appoint counsel and dismissing his complaint

without prejudice.  We will deny the mandamus petition.

In 2005, Clarke filed a *pro se* civil rights action pursuant to 42 U.S.C. §

1981(a) and § 1985(3).  The District Court dismissed Clarke's complaint without

prejudice on December 15, 2005, and gave Clarke until January 17, 2006 to file an

amended complaint.  Instead of filing an amended complaint, Clarke filed a document

entitled "Emergency Motion" on January 19, 2006, which the District Court docketed as a Notice of Appeal. On June 12, 2006, this Court issued a briefing notice in that appeal. See C.A. No. 06-1431. Prior to receiving our briefing notice, Clarke filed the instant mandamus petition on June 7, 2006. See C.A. 06-3014.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief, and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S. Ct.188, 190 (1980) (per curiam) (quotation omitted). A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997).

Here, Clarke has an alternative means of challenging the District Court's order: the appeal which is already pending before this Court. In any event, Clarke's petition provides no basis on which to grant mandamus relief. Accordingly, the petition for a writ of mandamus is denied.